UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMIAN L.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C25-5642-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff Damian L. seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ misevaluated the medical evidence, plaintiff's testimony, and the lay witness statements, and the ALJ's residual functional capacity finding does not include all plaintiff's limitations. Dkt. 7. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 45 years old and was 42 years old on the alleged onset date; he has at least a high school education, and has worked as a copywriter, material coordinator, bookkeeper, and laborer. Tr. 39. He applied for benefits in June 2022, alleging disability as of June 2, 2022. Tr. 574. After his applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on June 20, 2024, issued a decision finding plaintiff not disabled. Tr. 25-41. The

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset date; he has the following severe impairments: depressive disorder, anxiety disorder, PTSD, substance addiction/abuse, cervical degenerative disc disease, right arm cubital tunnel syndrome, and upper extremity neuropathy; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 27-28. The ALJ found that plaintiff has the residual functional capacity to perform light work except he can frequently climb ladders, ropes, and scaffolds; he can frequently stoop, kneel, crouch, and crawl; he can frequently reach bilaterally; he can perform simple and moderately complex tasks consistent with a reasoning level of 3 or less; he can tolerate occasional contact with co-workers and supervisors but cannot tolerate direct interaction with the general public; he cannot engage in tasks that require teamwork or close collaboration with co-workers; he can tolerate occasional changes to work routines and work processes; and he requires regular work breaks at 2-hour intervals. Tr. 30. The ALJ found plaintiff cannot perform his past relevant work but, as there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled. Tr. 38-41.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

---

[1] 20 C.F.R. § 404.1520.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 2

of harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

### A.    Medical Opinions

Plaintiff argues the ALJ misevaluated the medical opinion evidence. Dkt. 7 at 3. When considering medical opinions, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in her decision how she considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is not required to explain how she considered the other factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). An ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1.    Mr. Dickson

Craig Dickson, LMHC, plaintiff's treating therapist, completed a medical source statement in March 2024. Tr. 1326-29. Mr. Dickson opined plaintiff is limited in the ability to perform or be productive in numerous categories of mental functioning, including in areas related to understanding and memory, sustained concentration and persistence, social interaction, and adaptation, for at least 10% and as much as over 30% of an 8-hour workday. Tr. 326-28. Mr.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 3

Dickson checked boxes to indicate he based his opinion on the history and medical file, progress and office notes, psychological evaluations and reports/opinions, and monthly/bimonthly therapy appointments. Tr. 1328. He opined plaintiff would be absent from work as a result of his impairments for 5 days or more per month, based on being overwhelmed due to severe anxiety. Tr. 1329. And he opined plaintiff would be precluded from performing a job or be off task for more than 30% of a workday based on his struggles with tasks at home, and a competitive environment would present challenges beyond this. *Id.*

The ALJ found this opinion largely not persuasive. Tr. 37. The ALJ found Mr. Dickson provided no support for his opinion other than indicating it was based on history and medical file, progress and office notes, psychological evaluations, and monthly/bimonthly therapy appointments as noted above. *Id.* Plaintiff argues this finding does not make sense because treatment notes, psychological evaluations, and therapy appointments are the very sources a mental health opinion should be based on. Dkt. 7 at 4. But an ALJ may give less weight to an opinion that is brief, conclusory, and inadequately supported by medical records. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Mr. Dickson checked boxes to indicate which categories of evidence he relied on, but he provided no explanation as to how this evidence supported the limitations he opined. The ALJ could properly consider this lack of explanation when evaluating the opinion's persuasiveness.

The ALJ also found the rated limitations were not evident in Mr. Dickson's treatment notes or in the record as a whole, which the ALJ found consistently showed normal memory and cognitive findings; plaintiff was cooperative, engaged, and/or pleasant with appropriate behavior; normal/intact attention/concentration; and some limitations in adapting and managing but able to attend to personal care and household chores. Tr. 37. The ALJ cited to treatment notes

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 4

documenting normal findings in each of these areas, finding it significant that many of the normal findings were documented by Mr. Dickson himself. *Id.* at 37-38.

Plaintiff asserts the records the ALJ cited do not support his conclusion, addressing several of the individual treatment notes the ALJ cited and contending each one supports, rather than undermines, Mr. Dickson's opinion. Dkt. 7 at 4-6. For example, when assessing the area of memory and cognitive findings, the ALJ cited to a treatment note from David Penner, M.D., finding memory intact to recent and remote events. Tr. 37, 993. Plaintiff notes Dr. Penner administered testing that found moderately severe depression and severe anxiety and that he observed depressed mood and thought content somewhat focused on stressors, asserting that this evidence supports Mr. Dickson's opinion. Dkt. 7 at 4. But plaintiff's assertion does not show the ALJ erred in relying on this note as an example of a finding of normal memory; rather, his assertion is the ALJ should have interpreted this note as evidence of depressed mood and anxiety. But the Court cannot rely on plaintiff's proposed alternative interpretation of the evidence to find error in the ALJ's assessment. *Thomas*, 278 F.3d at 954.

Plaintiff raises similar arguments regarding several other treatment notes the ALJ cited, arguing the ALJ cherry-picked the evidence and selectively focused on evidence suggesting plaintiff is not disabled. Dkt. 7 at 4-6. But the ALJ cited to over 60 treatment notes to support his finding Mr. Dickson's opinion was unsupported by and inconsistent with normal findings in the treatment record. Plaintiff fails to establish the ALJ cherry-picked the evidence or the ALJ's interpretation of the evidence was unreasonable or otherwise erroneous. The ALJ's reliance on the normal findings in the treatment record, including in Mr. Dickson's own treatment records, was a valid reason, supported by substantial evidence, to discount Mr. Dickson's opinion.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 5

Finally, the ALJ found Mr. Dickson's opinion plaintiff would be off task for more than 30% of a workday and would miss five or more days of work per month due to overwhelming anxiety was unsupported by the statement of plaintiff's father, Mr. L., that plaintiff did not need help or encouragement for household chores. Dkt. 7 at 7. Plaintiff argues the ALJ's reliance on Mr. L.'s statement was problematic because Mr. L. stated plaintiff can cook for 20 minutes and does chores for 1.5 hours per week, and this is not on its face inconsistent with Mr. Dickson's opinion plaintiff would be off task for more than 30% of a workday. Dkt. 7 at 7. However, Mr. Dickson supported his opinion about plaintiff being off task by stating that plaintiff "struggles with tasks at home. A competitive environment would present challenges above this." Tr. 1329. The ALJ reasonably found this statement inconsistent with Mr. L.'s report that plaintiff does not need help or encouragement to perform house and yard work. Tr. 655. This was a valid reason to find the opinion unpersuasive.

Plaintiff further argues the ALJ failed to recognize the nature of plaintiff's mental illness, asserting the ALJ failed to mention plaintiff's diagnosis of personality disorders and plaintiff's ability to perform activities of daily living does not undermine Mr. Dickson's opinion about plaintiff's impairment. Dkt. 7 at 7-8. But, again, the ALJ reasonably found Mr. Dickson's opinion about plaintiff being off task because he struggles with tasks at home to be inconsistent with Mr. L.'s statement that plaintiff does not need help or encouragement to perform such tasks. The nature of plaintiff's diagnoses does not undermine the ALJ's assessment of the inconsistencies between Mr. Dickson's opinion and Mr. L.'s statements about plaintiff's daily activities, or between the opinion and the evidence in the treatment record.

In sum, the ALJ gave valid reasons, supported by substantial evidence, for finding Mr. Dickson's opinion unpersuasive.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 6

### 2.   *Dr. Johnson and Dr. F.*

State agency consultant Don Johnson, Ph.D. opined plaintiff would likely have limitations being in public, interacting with the general public, and responding to criticism. Tr. 468. State agency consultant Andrew F., Ph.D., opined plaintiff was moderately limited in the ability to interact with the public and get along with co-workers and peers, but was not significantly limited in the ability to accept instructions and respond appropriately to criticism from supervisors and to maintain socially appropriate behavior. Tr. 484. Dr. F. further opined plaintiff retained the capacity to interact with others on an occasional/superficial basis and to accept instructions from a supervisor, but there was evidence plaintiff was easy to anger, easily agitated, and belligerent, and he would do best working away from the general public. *Id.*

The ALJ found these opinions generally persuasive. Tr. 36. With respect to plaintiff's ability to interact with others, the ALJ noted plaintiff was consistently described as pleasant and/or cooperative, but plaintiff himself consistently reported he was easily angered and noted belligerence. *Id.* The ALJ therefore found it reasonable to limit plaintiff's exposure to the general public and working with co-workers, as included in the RFC finding. *Id.* As noted above, the RFC finding limits plaintiff to occasional contact with co-workers and supervisors but no direct interaction with the general public and no engagement in tasks that require teamwork or close collaboration with co-workers. Tr. 30.

Plaintiff argues the limitations in the RFC to interaction with the general public and with co-workers do not account for limitations to interaction with the employer. Dkt. 7 at 8-9. He asserts this is inconsistent with the vocational expert's testimony that an individual who has difficulty accepting instructions or responding to criticism from supervisors would not be

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 7

tolerated and behaviors that are blatantly disrespectful or confrontational would likely result in termination. Dkt. 7 at 8-9, Tr. 452-53.

Plaintiff's argument omits the fact the RFC finding includes a limitation to occasional contact with supervisors. It also fails to account for the entirety of the opinions, including Dr. F.'s opinion plaintiff retains the ability to accept instructions and respond appropriately to criticism from supervisors. The ALJ is responsible for "translating and incorporating" an opinion "into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ considered the entirety of these opinions, including portions plaintiff does not address in his argument. The Court cannot say the ALJ unreasonably translated and incorporated these doctors' opinions regarding social contact into the RFC finding.

### 3.     *Dr. Barcena*

In March 2024, treating psychologist Alexa Barcena, Ph.D., evaluated plaintiff and diagnosed him with mixed personality disorder, with borderline personality disorder as the primary disorder. Tr. 2293. Additional diagnoses included mixed obsessional thoughts and acts, post-traumatic stress disorder, generalized anxiety disorder, and moderate episode of recurrent major depressive disorder. *Id.* She recommended continued individual therapy, group therapy, and psychiatric management. *Id.*

Plaintiff asserts Dr. Barcena's findings provide strong support for a finding of disability and are consistent with the opinions of Dr. Johnson and Dr. F. that plaintiff is easy to anger, easily agitated, belligerent, and has problems responding to criticism. Dkt. 7 at 9. Noting the ALJ did not mention Dr. Barcena in the decision and did not acknowledge the personality disorder diagnosis, plaintiff argues this is error because an ALJ must consider the combined effects of all impairments and because the ALJ must explain why he rejects a medical opinion. Dkt. 7 at 9-10.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 8

Regarding plaintiff's characterization of Dr. Barcena's treatment note as a medical opinion, the regulations define a "medical opinion" as a statement from a medical source about what a claimant can still do despite his impairments and whether a claimant has one or more impairment-related limitations or restrictions in the ability to work. 20 C.F.R. § 404.1513(a)(2). The ALJ is required to articulate how persuasive he finds medical opinions using specific factors as outlined in the regulations. 20 C.F.R. § 404.1520c. In contrast, "other medical evidence" is evidence from a medical source that is not objective medical evidence or a medical opinion, and includes clinical judgments about the nature and severity of a claimant's impairments, a claimant's medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis. 20 C.F.R. § 404.1513(a)(3). There is no articulation requirement for other medical evidence.

Dr. Barcena's treatment note does not contain an opinion about what work plaintiff can perform despite his impairments or whether plaintiff has impairment-related limitations or restrictions in his ability to work. This treatment note is therefore not a "medical opinion" the ALJ was required to evaluate using the persuasiveness factors of 20 C.F.R. § 404.1520c. Dr. Barcena's treatment note instead falls into the category of "other medical evidence." Plaintiff's characterization of this treatment note as a "medical opinion" and assertion of error in the ALJ's failure to evaluate it as such has no factual or legal basis.

Plaintiff has alleged error in the ALJ's failure to address one treatment note in a record that contains nearly 2500 pages. While the ALJ must "make fairly detailed findings in support of administrative decisions to permit courts to review those decisions intelligently," the ALJ "need not discuss all evidence presented." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). And while plaintiff asserts the ALJ's failure to recognize Dr. Barcena's diagnosis of personality

disorder was error because the ALJ is required to consider the combined effects of all impairments, plaintiff also asserts Dr. Barcena's diagnosis is consistent with the opinions of Dr. Johnson and Dr. F. Dkt. 7 at 9. The ALJ evaluated the persuasiveness of these opinions, and the Court found no error in that assessment. Plaintiff has not established the ALJ's failure to address a treatment note that is consistent with these opinions was harmful error. Dr. Barcena's diagnosis differs from other diagnoses in the record. But a diagnosis alone is insufficient to establish the existence of a medically determinable severe impairment. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (citing *Sample v. Schweiker*, 694 F. 2d 639, 642-43 (9th Cir. 1982)) ("The mere existence of an impairment is insufficient proof of a disability."). Here, the ALJ found depressive disorder, anxiety disorder, and PTSD to be severe impairments. Tr. 27. The ALJ further stated "all of the claimant's conditions were considered in combination throughout this decision, regardless of the individual label or severity of any particular impairment." Tr. 28. Plaintiff has not established harmful error in the ALJ's failure to address Dr. Barcena's treatment note or her diagnosis of personality disorder.

### B.     Plaintiff's Testimony

Plaintiff argues the ALJ failed to provide clear and convincing reasons to reject his testimony. Dkt. 7 at 10. Where, as here, the ALJ did not find malingering, the ALJ must provide clear and convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the

claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

The ALJ found the treatment record showed plaintiff was not as limited as he alleged, summarizing the medical evidence and addressing the specific limitations the ALJ found to be supported by the evidence. Tr. 31-36. Plaintiff argues the ALJ was aware of medical support for plaintiff's testimony, citing to examples from the ALJ's summary of the evidence. Dkt. 7 at 11. For example, plaintiff notes he testified he was limited by low back and left hip pain, and the ALJ cited to a treatment note where plaintiff complained of left hip and spinal pain that he believed stemmed from a past knee injury. Dkt. 7 at 11, Tr. 32. But the ALJ further noted at that same visit, plaintiff reported no limitations in functioning aside from not being able to drive due to anxiety, and the examination findings were mostly normal, including normal strength, normal gait, and largely normal range of motion. Tr. 32. Plaintiff's argument highlighting only the portions of the evidence that align with his preferred interpretation of the evidence fails to establish error in the ALJ's assessment. The ALJ evaluated the objective evidence and made specific findings to support his assessment of the limitations plaintiff alleged. Plaintiff may disagree with the ALJ's interpretation of the evidence, but his alternative interpretation is insufficient to establish error.

Plaintiff also argues the ALJ applied an incorrect legal standard by rejecting his testimony based solely on the objective medical evidence. Dkt. 7 at 12. The ALJ may consider whether the objective medical evidence supports a claimant's testimony, but it cannot be the sole reason an ALJ discounts subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ considered statements from Mr. L. that were inconsistent with plaintiff's testimony, noting for example that Mr. L. reported plaintiff's activities included reading a lot and

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 11

playing the guitar, he did not report plaintiff had difficulty with memory, understanding, or following instructions, and he reported plaintiff had no problems attending to his personal care and did not need reminders to complete household chores. Tr. 34-35. The inconsistency between plaintiff's allegations and Mr. L.'s statements was a valid reason to discount plaintiff's testimony. The ALJ did not err by relying solely on the objective medical evidence in assessing plaintiff's testimony.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's testimony.

### C.    Lay Witness Evidence

Plaintiff argues the ALJ failed to provide germane reasons for discounting the statements of his parents, Mr. and Ms. L. Dkt. 7 at 13. Lay testimony as to a claimant's symptoms is competent evidence the ALJ must consider, unless the ALJ rejects the lay testimony by giving specific reasons, based on evidence in the record, that are germane to that witness.[2] *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2008).

Mr. L completed the statement discussed above in March 2023 and Mr. and Ms. L. completed a joint statement in February 2024. Tr. 653-60; 682-87. The ALJ found these statements did not establish greater limitations than the RFC finding. Tr. 38. Specifically, the ALJ found while Mr. and Ms. L. reported plaintiff had trouble getting along with people and

---

[2] The Commissioner argues that the revised regulations no longer require the ALJ to give any reasons for discounting lay witness evidence. Dkt. 9 at 4-5. The relevant portion of the revised regulations states: "Evidence from nonmedical sources. We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section." 20 C.F.R. § 404.1520c(d). The plain language of the regulation does not state that the ALJ is not required to discuss the weight given to lay witness statements, nor does it state that the ALJ need not provide an explanation for rejecting a lay witness statement. It states that the ALJ is not required to discuss lay witness statements using the framework required for discussing medical opinions.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 12

could become belligerent, only two treatment notes described plaintiff as agitated; the ALJ concluded these reports supported the interaction limits in the RFC finding but not more. *Id.* The ALJ noted Mr. and Ms. L. reported plaintiff had difficulty concentrating but they did not report that they had observed this themselves; the ALJ concluded a limitation to moderately complex instructions and working 2 hours at a time was nevertheless reasonable. *Id.* And the ALJ noted Mr. and Ms. L. reported plaintiff got upset when plans changed and needed help with planning and carrying out some tasks; the ALJ concluded these reports were consistent with a limitation to only occasional changes in the workplace. *Id.*

An ALJ may give less weight to lay witness evidence that is unsupported by the objective evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ found several of Mr. and Ms. L.'s statements not fully supported by the medical evidence, and others were not based on their own observations. These were germane reasons to discount their statements. Even with this finding, the ALJ incorporated their statements to the degree the ALJ found supported in the record. Plaintiff may disagree with the ALJ's assessment of these statements, but because this was a reasonable interpretation of the evidence, the Court may not disturb it. The ALJ gave germane reasons, supported by substantial evidence, for discounting Mr. and Ms. L.'s statements.

D.    **RFC Determination**

Plaintiff argues the ALJ's RFC finding is incomplete because the ALJ erred at step two by failing to include gastrointestinal impairments, low back pain, left hip impairment, and personality disorders as severe impairments. Dkt. 7 at 14. Plaintiff did not assign error to the ALJ's step two finding and presents only conclusory assertions to support this claim, briefly referring to his own testimony about these conditions. The Court finds plaintiff has failed to

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 13

develop this claim and has therefore waived it. *See Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) (*citing Vandenboom v. Barnha*rt, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met listings because claimant provided no analysis of relevant law or facts regarding listings).

Plaintiff argues although the ALJ found upper extremity neuropathy to be a severe impairment, the ALJ erred by failing to include any handling or fingering limitations and finding that plaintiff could reach frequently. Dkt. 7 at 15. The ALJ found the limitation to frequent reaching was consistent with the evidence of bilateral ulnar nerve subluxation and range of motion testing in November 2022 and April 2023, but no further reaching limitations and no manipulative limitations were warranted based on the October 2022 findings of full grip strength and full range of motion in all joints of the upper extremities and findings in July and August 2023 that grip strength was diminished on the right but still within normal range. Tr. 34. Plaintiff asserts it "strains credulity" that a person with bilateral upper extremity neuropathy can handle, finger, or reach for 2/3 of a workday, but he does not cite to any evidence from the record to support this argument. The ALJ assessed the evidence related to this impairment and incorporated those limitations he found to be supported by that evidence and explained why he did not incorporate additional limitations, also supported by evidence in the record. Plaintiff's bare assertions that the ALJ should have incorporated greater or additional limitations, without more, is insufficient to establish error.

In sum, plaintiff has not established the ALJ harmfully erred in determining RFC.

/

/

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 14

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 23rd day of January, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 15